OPINION
{¶ 1} Appellant James Allison appeals the decision of the Stark County Court of Common Pleas that denied his motion to suppress. The following facts give rise to this appeal.
 {¶ 2} On April 5, 2004, Special Agent Harry Tideswell learned, from a cooperating defendant, that a delivery of approximately two kilograms of powder cocaine was scheduled to arrive in Canton, at 8:00 a.m., on April 6, 2004. The courier would be traveling on a Greyhound bus from Columbus to Canton.
 {¶ 3} Special Agent Tideswell listened to at least one recorded conversation between the cooperating defendant and appellant in which they discussed status updates of appellant's trip from Los Angeles, California to Canton, Ohio, and appellant's estimated arrival time in Canton. The calls between the cooperating defendant and appellant were made on a Nextel direct connect walkie-talkie. The cooperating defendant also provided Special Agent Tideswell with a description of appellant. He described appellant as a "lighter skinned black male, rather thin, secrets the cocaine on his body in big baggy pants." Tr. Suppression Hrng. at 41.
 {¶ 4} Special Agent Tideswell, the cooperating defendant, FBI special agents and police officers stationed themselves at the Greyhound bus station, in Canton, in a large van with blacked-out windows. At approximately 7:56 a.m., the Greyhound bus arrived at the station. Three persons exited the bus: an elderly female, appellant and a female companion. Appellant and his female companion entered the bus station to inquire about lost luggage. The cooperating defendant identified appellant as the drug courier.
 {¶ 5} Thereafter, Special Agent Tideswell approached appellant and his female companion. Special Agent Tideswell identified himself as a drug administration employee and told appellant that he was not under arrest, was free to leave, but that he would like to ask him a few questions. Appellant cooperated with Special Agent Tideswell's request and informed him that he was visiting two people in Canton. Special Agent Tideswell asked appellant if he could pat him down for drugs, weapons, contraband or large sums of money. Appellant consented to the pat-down search and raised him arms. During the pat down of appellant's person, Special Agent Tideswell found two large orbs at each of appellant's hips. Special Agent Tideswell knew, from his training and experience, that what he felt was consistent with quantities of cocaine.
 {¶ 6} Special Agent Tideswell arrested appellant. After appellant was informed of his Miranda rights, appellant told Special Agent Tideswell that he was from Los Angeles, California, that he was a former UPS employee, that this was the first time he acted as a drug courier and that his female companion did not know the purpose of the trip to Canton. Thereafter, appellant invoked his Miranda rights and the questioning stopped. The Stark County Crime Laboratory tested each orb removed from appellant's hips. The testing confirmed that each one contained over 937 grams of cocaine.
 {¶ 7} On May 21, 2004, the Stark County Grand Jury indicted appellant for possession of cocaine and trafficking in cocaine. Both counts contained a major drug specification. Appellant entered a plea of not guilty. On July 9, 2004, appellant filed a motion to suppress all statements made by him and all evidence seized without probable cause. The trial court conducted a hearing, on appellant's motion, on July 26, 2004. At the conclusion of the hearing, the trial court denied appellant's motion to suppress finding "* * * there was a reasonable basis, reasonable suspicion to stop this Defendant, he was stopped based on the pat down and the contraband was seized, that there was no violation of his Miranda Rights with regard to statements." Tr. Suppression Hrng. at 58.
 {¶ 8} Subsequently, appellant withdrew his plea of not guilty and entered a plea of no contest. The trial court merged the two counts and sentenced appellant to the minimum prison term of ten years. Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 9} "I. The trial court erred in overruling appellant's motion to suppress thereby violating appellant's constitutional right to be free from unreasonable searches and seizures."
 I {¶ 10} In his sole assignment of error, appellant maintains the cooperating defendant did not provide the indicia of reliability necessary to allow Special Agent Tideswell to stop him and ultimately find cocaine in his possession. We disagree.
 {¶ 11} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning
(1982), 1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485;State v. Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37.
 {¶ 12} Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of a claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 517 U.S. 690, as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal.
 {¶ 13} In the case sub judice, appellant argues the information provided by the cooperating defendant did not provide the indicia of reliability necessary to justify a Terry stop. Specifically, appellant maintains the cooperating defendant's failure to know appellant's name and his lack of history in assisting law enforcement renders the information he provided Special Agent Tideswell unreliable and the stop of his person unconstitutional. Appellant challenges the trial court's ultimate conclusion that the cooperating defendant provided the necessary indicia of reliability to warrant the stop. Therefore, we will review this matter de novo.
 {¶ 14} The courts have recognized three categories of informants: (1) citizen informants; (2) known informants, i.e., those from the criminal world who have previously provided reliable tips; and (3) anonymous informants, who are comparatively unreliable. Maumee v. Weisner,87 Ohio St.3d 295, 300, 1999-Ohio-68. The "reasonable suspicion" needed to initiate a Terry stop is a less demanding standard than probable cause. Therefore, reasonable suspicion "* * * can arise from information that is less reliable than that required to show probable cause." Alabamav. White (1990), 496 U.S. 325, 330. Thus, a tip from a less reliable informant can provide a sufficient basis for a Terry stop if the tip can be corroborated by independent police investigation. Id. at 329.
 {¶ 15} Appellant does not fit any of the categories of informants. Instead, appellant is a "cooperating defendant" who has not previously assisted law enforcement and therefore, has not provided reliable tips in the past. Accordingly, as a less reliable informant, in order to provide a sufficient basis for a Terry stop, the cooperating defendant's information had to be corroborated by independent police investigation. This occurred in the case sub judice.
 {¶ 16} First, the cooperating defendant knew appellant would be transporting cocaine from Los Angeles, California to Canton, on a Greyhound bus which would arrive, in Canton, at 8:00 a.m., on April 6, 2004. Second, the cooperating defendant identified appellant, at the bus station, prior to Special Agent Tideswell approaching him. Third, appellant met the physical description provided by appellant, including what type of clothing appellant would be wearing. Fourth, Special Agent Tideswell listened to a phone conversation between the cooperating defendant and appellant in which appellant gave the cooperating defendant the status of his trip from Los Angeles, California to Canton.
 {¶ 17} Based upon the above facts, Special Agent Tideswell had the reasonable suspicion necessary to stop appellant. The trial court did not err when it denied appellant's motion to suppress.
 {¶ 18} Appellant's sole assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Gwin, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to appellant.